# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Jack B. Blumenfeld**
(302) 351-9291
(302) 425-3012 FAX
jblumenfeld@mnat.com

January 22, 2014

The Honorable Sue L. Robinson                                          *VIA ELECTRONIC FILING*
United States District Court
  For the District of Delaware
844 King Street
Wilmington, DE 19801

Re:   *Data Speed Technology, LLC v. EMC Corporation*, C.A. No. 13-616-SLR
      *Data Speed Technology, LLC v. Xerox Corporation*, C.A. No. 13-624-SLR
      *Data Speed Technology, LLC v. Zoho Corporation*, C.A. No. 13-625-SLR
      *Data Speed Technology, LLC v. Toshiba America, Inc.*, C.A. No. 13-1052-SLR
      *Data Speed Technology, LLC v. Alfresco Software Ltd., et al.*, C.A. No. 13-1443-SLR
      *Data Speed Technology, LLC v. Box Inc.*, C.A. No. 13-1444-SLR
      *Data Speed Technology, LLC v. Dassault Systemes Solidworks*, C.A. No. 13-1447-SLR
      *Data Speed Technology, LLC v. Thomson Reuters Corp., et al.*, C.A. No. 13-1450-SLR

Dear Judge Robinson:

I write on behalf of Defendants to respond to plaintiff Data Speed Technology LLC's ("Data Speed's") letter of January 20, 2014 relating to the pending standing motions.

At the outset, there is no good cause for Data Speed's attempt to supplement the record at this stage. Data Speed had numerous opportunities to establish standing over the course of many months and multiple rounds of briefing in which it presented shifting and inconsistent theories. The fact that Data Speed was able to collect these materials within 24 hours of the hearing further calls into question Data Speed's diligence in investigating standing prior to filing suit and in following up on the deficiencies in standing even after forcing Defendants to undertake the time and expense of responding to Data Speed's evolving theories and piecemeal submissions of evidence. Aside from its suggestion that it did not realize that any of this was at issue until Thomson Reuter's December 17, 2013 reply brief—which is hardly a justification given that Data Speed's new standing theory was presented for the first time in its November 26, 2013 opposition to Thomson Reuter's motion—Data Speed has offered no explanation for lack of diligence and no good cause to re-open the record on the motions to dismiss at this stage. Data Speed has not even tried to explain the delay between December 17 and now, during which time

The Honorable Sue L. Robinson
January 22, 2014
Page 2

the Court and Defendants expended time and effort addressing these issues. The Court should not consider these late-submitted documents, which are not part of the record.

Even if the Court were to consider these late-submitted, non-record documents, they would not cure the deficiencies that Defendants have identified in Data Speed's showing on standing. At oral argument, Defendants pointed out four primary deficiencies in Data Speed's evolving theory. First, Defendants noted that, under Data Speed's initial theory, inventor Anderson assigned rights to King Companies in 1992, which Data Speed argued in its first round of briefing effectuated an assignment of rights in the '686 patents from Anderson to King Companies. As Defendants explained at the hearing, however, to the extent this assignment actually took place, King Companies never subsequently assigned those rights away. *See* Motion to Dismiss Transcript at 13:15-14:12. Second, Defendants noted the fundamental inconsistency between the alleged 1992 assignments from inventors Anderson, Hunter, and Spar to variously Kenneth Conner, Peter King, and King Companies, on the one hand, and the alleged 1993 assignment from the same inventors to Data Speed Technology Corporation, on the other. *See id.* at 14:13-15:11. Third, Defendants noted the lack of proof that King's interest was ever assigned to Conner. *See id.* at 15:12-16:11. Fourth, Defendants noted the lack of proof that Conner's interest ever flowed to Data Speed. *See id.* at 16:12-17:4.

The documents Data Speed now submits to the Court do not even attempt to address the first or second deficiencies Defendants identified in Data Speed's purported chain of title.

With respect to the third deficiency, the will states, "I devise the residue of my estate, excluding any property over which I may have a power of appointment, to the trustees of the Peter J. King Revocable Trust created by agreement dated December 20, 2005, to be administered by them on the terms provided in said agreement as amended before my death." Data Speed has not shown that Mr. King did not have a power of appointment over any of the rights he allegedly owned in the patent-in-suit, and thus that the patent-in-suit did not fall into this exception. Furthermore, Data Speed has not produced the December 20, 2005 agreement referred to in Mr. King's will, and thus we do not know if the rights to the patent-in-suit were passed according to Mr. King's wishes, as memorialized in his will and that agreement. In any event, if Mr. King's rights passed to his trust, as Data Speed contends, Data Speed still has not provided evidence as to consideration for the agreement under which the King Trust later assigned the patent to Mr. Conner. As explained at oral argument—and as Data Speed concedes—Mr. Conner never paid the $250,000 that he owed for rights to the patent-in-suit.

In short, this late-arising evidence still leaves most of the deficiencies in Data Speed's standing showing unaddressed. Even if the Court were to consider the late-submitted documents, Data Speed has had ample opportunity to prove it has standing and has fallen far short. The Court should dismiss these actions for Data Speed's failure to prove that it has standing.

The Honorable Sue L. Robinson
January 22, 2014
Page 3

                                                  Respectfully,

                                                  */s/ Jack B. Blumenfeld*

                                                  Jack B. Blumenfeld (#1014)

JBB/lm
cc:     Clerk of Court (by hand)
        All Counsel of Record (by e-mail)
7945620.1