

222 Delaware Avenue • Suite 900  
P.O. Box 25130 • Wilmington, DE 19899  
Zip Code For Deliveries 19801

Writer's Direct Access:  
(302) 429-4232  
sbrauerman@bayardlaw.com

January 27, 2014

**VIA CM/CEF & HAND DELIVERY**

The Honorable Judge Sue L. Robinson  
The United States District Court for the District of Delaware  
J. Caleb Boggs Federal Building  
844 N. King Street  
Wilmington, DE 19801-3568

    *Data Speed Technology, LLC v. EMC Corporation*, C.A. No. 13-616-SLR  
    *Data Speed Technology, LLC v. Xerox Corporation*, C.A. No. 13-624-SLR  
    *Data Speed Technology, LLC v. Zoho Corporation*, C.A. No. 13-625-SLR  
    *Data Speed Technology, LLC v. Toshiba America, Inc.*, C.A. No. 13-1052-SLR  
    *Data Speed Technology, LLC v. Alfresco Software Ltd., et al.*, C.A. No. 13-1443-SLR  
    *Data Speed Technology, LLC v. Box Inc.*, C.A. No. 13-1444-SLR  
    *Data Speed Technology, LLC v. Dassault Systemes Solidworks, Corp..*, C.A. No. 13-1447-SLR  
    *Data Speed Technology, LLC v. Thomson Reuters Corporation, et al.*, C.A. No. 13-1450-SLR

Dear Judge Robinson:

    Plaintiff Data Speed Technology LLC ("Data Speed") respectfully submits this letter to correct several misstatements in Defendants' letter of January 23, 2014 relating to the pending motions to dismiss for lack of standing. Each time Defendants have raised an issue, Data Speed has located and produced additional documents to address Defendants' concerns, which is the procedurally correct response to a factual attack on standing. None of the documents provided have pointed to any party but Data Speed holding title to the patent-in-suit.

    <u>Additional Material Supplementing The Record</u>. Defendants ask this Court to ignore the documents they themselves requested at the Court's recent hearing, the Peter J. King Will ("King Will") and underlying assignment documents between Kenneth Conner and Data Speed. Defendants' argument ignores the record. First, Defendants requested the King Will and underlying assignment documents in the most recent reply brief, a brief to which Data Speed was not entitled to respond. *See Data Speed Tech. LLC v. Thomson Reuters Corp., et al.*, C.A. No. 13-1450-SLR ("*Thomson Case*"). (D.I. 19 at 6.) Second, when Defendants identified these documents at the hearing, Data Speed promptly obtained them from publically available sources. Third, Defendants have repeatedly asked the Court to consider all publically available documents, which would include the documents requested by Defendants that Data Speed





promptly located and produced.  *See Data Speed Tech. LLC v. Xerox Corp.,* C.A. No. 13-624-SLR ("*Xerox Case*"), (D.I. 18 at 2 ("the court may consider evidence outside the pleadings, including affidavits, depositions and testimony").)

<u>Inventor Assignments</u>.  Defendants allege that because Data Speed located and provided to Defendants (on November 27, 2013) a set of assignment records that post-dated an original set of assignment records, somehow Data Speed does not hold title to the patent-in-suit.  Defendants do not allege that the more specific, later assignments are invalid or fail to convey the inventors' interests in the patent-in-suit.  (*Thomson Case*, D.I. 14 at Exs. 2 & 9.)  Moreover, all of the parties that might have received an interest through the earlier assignments executed an agreement (the 1994 Settlement, *Id*. at Exs. 5 & 9), assigning any such interests to Data Speed Technology Corp. (the same assignee as the later assignments).

<u>Documents Referenced In The King Will</u>.  Data Speed has provided Defendants with (1) King's Will attesting all his assets went to the Peter J. King Trust, (2) a sworn notarized declaration from the trustee of the Peter J. King Trust stating that Peter King's interests in the patent-in-suit were transferred to the trust (*Thomson Case*, Dkt. 14 at Ex. 6); and (3) a patent Assignment Agreement between the Peter J. King Trust and Conner (*Id*. at Ex. 7).  Now, Defendants put forward a wholly new argument (never mentioned in any briefing) that Data Speed must prove the King Will was properly administered.  This argument is not appropriate on a motion to dismiss when there is no evidence even arguably supporting this hypothetical scenario.

<u>Lack Of Consideration</u>.  Defendants urge this Court to reject the signed and notarized Patent Assignment Agreement between the Peter King Trust and Conner because Data Speed has not shown that consideration was paid by Data Speed.  Not only are Defendants strangers to the agreement (without standing to dispute its validity), but also Defendants do not present any evidence establishing that the agreement is invalid.  The agreement recites that assignment was made for "good and valuable consideration."  (*Id*. at Ex. 7 at 2.)  There is no evidence that the assignment between the King Trust and Conner was invalid.

Data Speed respectfully requests that, for these and other reasons set forth in its papers and at oral argument, the Court deny the motions to dismiss.

Respectfully submitted,

/s/ *Stephen B. Brauerman*

Stephen B. Brauerman (sb4952)

cc:   All counsel